# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RALPH BABY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-1546-CAS |
| | ) | |
| RANDALL H. DAVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Ralph Baby Jones (registration no. 99674) for leave to commence this action without payment of the required filing fee. For the following reasons, the Court will grant plaintiff's motion and will assess an initial partial filing fee of $11.66. In addition, the Court will dismiss this case pursuant to 28 U.S.C. § 1915.

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the period immediately preceding the submission of his complaint. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $11.66, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough

facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action against Randall H. Davis (a "bounty hunter" employed by Davis Bailbonds, Co.), Johnathan Alfaro (a "bounty hunter" employed by Davis Bailbonds, Co.), Edward Gonzales, III (a St. Louis City Police Officer), St. Louis University Hospital, Anheuser Busch Eye Institute, Dennison Bail Bonds Co. (the "contracting company of Randall Davis Co."), the City of St. Louis Police Department, and Ryan Buscemi (a St. Louis City Police Officer).

Plaintiff alleges that, on February 12, 2014, he was traveling in his automobile in South St. Louis, when an unknown vehicle intentionally swerved head-on into his lane, striking his front bumper. Plaintiff states that "unknown

3

assailants initiated pursuit." Plaintiff further states that he sighted City of St. Louis Police in the area and fled to them for protection. The policer officers were defendants Gonzales and Buscemi. Plaintiff alleges that, shortly thereafter, the assailants approached and identified themselves as defendants Randall Davis and Johnathan Alfaro, "bounty-hunters" with Randall Davis Bailbonds Co. They told the officers that plaintiff was "wanted," which allegedly caused the officers to "pounce" on plaintiff. Plaintiff claims that Gonzales and Buscemi allowed Alfaro to punch plaintiff in the eye, necessitating medical treatment. Plaintiff states that he was first taken to St. Louis University Hospital and then to Anheuser Busch Eye Institute. Plaintiff complains that "both facilities provided alternate and conflicting statements not made by [him], [in] violation of the HIPPA Act." Plaintiff states that this lawsuit "is being filed in protest of multiple violations of [his] civil rights, and in protest of a direct assault on [his] person by permission of law enforcement officers."

**Discussion**

Plaintiff brings this action against the individual defendants in their official capacities. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); Nix v. Norman, 879

4

F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, even assuming, *arguendo*, that the individual defendants named in this action are state actors, the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

The complaint is also legally frivolous as to defendant St. Louis City Police Department, because police departments are not suable entities under § 1983. See Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992); see also De La Garza v. Kandiyohi County Jail, 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983; local governments can be liable under § 1983 only if injury stems from official policy or custom).

As additional grounds for dismissing this case, the Court notes that to state a claim under § 1983, a plaintiff must allege both that the defendant violated plaintiff's rights under either the Constitution or laws of the United States and that the defendant acted "under color of state law." 42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986). A person acts under color of state law when he acts in his official capacity "clothed with the authority of state law," or acts under "pretense" of law by purporting to act with official power. See West v. Atkins, 487 U.S. 42, 49 (1988). The requirement that a defendant acted under "color of state law" is jurisdictional. Polk County v. Dodson, 454 U.S. 312, 315 (1981). Private conduct is simply beyond the reach of § 1983 "no matter how discriminatory or wrongful" that conduct may be. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999). In the instant case, plaintiff does not allege that the defendant "bounty hunters," medical facilities, or bail bond company acted under color of state law for purposes of § 1983. Moreover, there is no private right of action under HIPAA, either via § 1983 or through an implied right of action, see, e.g., Dodd v. Jones, 623 F.3d 563, 569 (8th Cir. 2010); Adams v. Eureka Fire Prot. Dist., 352 Fed. Appx. 137, 139 (8th Cir. 2009), and the doctrine of respondeat superior is not applicable in § 1983 actions. See Boyd v.

Knox, 47 F.3d 966, 968 (8th Cir. 1995); Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

The Court further notes that plaintiff claims the defendant police officers "knowingly falsif[ied] a police report"; however to the extent that he is attempting to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render his conviction or sentence invalid, he must first prove that the conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). In the instant case, plaintiff does not claim that his conviction or sentence has been reversed, expunged, invalidated, or called into question.

Because plaintiff's federal claims will be dismissed, all remaining pendent state claims will be dismissed, as well. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before

trial, remaining state claims should also be dismissed); <u>Hassett v. Lemay Bank & Trust Co.</u>, 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

For these reasons, the Court will dismiss this action as legally frivolous pursuant to § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. (Doc. 4)

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $11.66 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue in this case, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED as moot.**

A separate Order of Dismissal shall accompany this Memorandum and Order.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this  21st  day of March, 2016.